IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY TOWNS<br>105 Sunshine Parkway<br>Neptune, NJ 07753 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff,<br>v. | :<br>:<br>: | DOCKET NO.: |
| TD BANK, N.A.<br>70 Bayard St.<br>New Brunswick, NJ 08901 | :<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Gregory Towns (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against TD Bank, N.A. (*hereinafter* referred to as "Defendant") for violations of the Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the American's with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), and the New Jersey Law Against Discrimination ("NJ LAD"). Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks

redress for violations of civil rights under the FMLA and FLSA. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant TD Bank, N.A. is a business entity that provides personal and commercial banking and loan services throughout the United States, including the location at which Plaintiff worked in New Brunswick, NJ.

8. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a 61-year-old black (African-American) male.

11. Plaintiff worked for Defendant for approximately 11 years and during his tenure, he was a dedicated and hard-working employee.

12. Plaintiff was employed with Defendant as a Small Business Relationship Manager up to one million.

13. At the time of Plaintiff's separation from Defendant, in or about April of 2016 (discussed further *infra*), he was the only African-American Small Business Relationship Manager in his region and he was also the oldest.

14. Towards the end of Plaintiff's employment with Defendant, Plaintiff began to be subjected to discriminatory treatment based on his race and age by Defendant's management, including but not limited to David Fasanella (Regional Vice President – Middlesex County) and Nick Miceli (Market President).

15. For example, unlike his younger, non-black co-workers, Defendant's management would selectively enforce policies against Plaintiff, give him goals that were not enforced against his younger, non-black co-workers, criticize his performance, and issue him pretextual discipline.

16. For example, despite the fact that Plaintiff ranked higher than another younger, Caucasian individual (Brian Matula), Plaintiff was issued PIP in or about February of 2016 even though Matula was not (thereby evidencing that Defendant did not equally enforce its policies against younger, Caucasian employees).

17. Furthermore, Fasanella would make racial discriminatory comments to Plaintiff in the work place, including but not limited to saying "white is right," that he "play[ed] ball in the hood," "black guys who he played basketball with were not offended by his comments," and "don't forget the watermelon and the Kool-Aid" (when Plaintiff was returning to a fast food restaurant to retrieve something they had forgot in his lunch).

18. Due to the aforesaid racial harassment and disparate treatment that Plaintiff was being subjected to towards the end of his employment with Defendant, Plaintiff complained to Defendant's management, including but not limited to Sharon Reese (Human Resources) and Fasanella, wherein he stated that he believed Fasanella was prejudice, and that he [Plaintiff] was being subjected to race discrimination.

19. Plaintiff's aforementioned complaints of race discrimination were never properly investigated or resolved by Defendant's management, and he continued to be subjected to racial discrimination.

20. Ultimately, Plaintiff was terminated from his position with Defendant for alleged performance issues; however, other younger, Caucasian employees were not terminated (or issued PIPs), despite their poor performance – and, for at least one individual, whose ranking was lower than Plaintiff's.

21. In addition to being treated in a discriminatory and hostile manner because of his race and age, Plaintiff also avers that Defendant's management, including Fasanella and Miceli, were still exhibiting hostility and animosity towards him up and through the time of his termination because of a previous medical leave, his medical history, and/or his prior complaints of disability discrimination.

22. For example, in or about February of 2013, Plaintiff required an approximate 7-month medical leave of absence for health conditions related to a brain bleed he suffered from that year.

23. Shortly after his return from medical leave in or about September of 2013, Plaintiff was treated in a rude and condescending manner, accused of unprofessional behavior, and issued his first PIP, which was unwarranted and discriminatory.

24. Plaintiff informed Defendant's management, including Fasanella and Defendant's Human Resources Department, including Matthew Cady and Eve Badecki, that he believed he was being subjected to discrimination and had been issued a pretextual PIP due to his disabilities.

25. Thereafter, Plaintiff continued to be criticized for his alleged performance issues and in or about 2015, Defendant's management, including but not limited to Fasanella, attempted to issue Plaintiff another PIP; however, there was no basis do to so.

26. Plaintiff questioned how Fasanella could issue him a PIP for Fiscal Year Ending ("FYE") 2015 when he was performing well and his ranking was higher than most at his bank. Fasanella was not able to explain his reasoning for placing Plaintiff on a PIP for FYE ending 2015 and therefore rescinded his decision and did not in fact issue Plaintiff a PIP.

27. Even though Fasanella did not issue Plaintiff a PIP for FYE ending 2015, he continued to subject Plaintiff to disparate and discriminatory treatment, including but not limited trying to find reasons to discipline Plaintiff and subjecting him to goals which other non-disabled employees had not been subjected to.

28. Following Defendant's unsuccessful attempt to issue Plaintiff a PIP for FYE ending 2015, Fasanella placed Plaintiff on a PIP in or about February of 2016 and eventually terminated Plaintiff's employment for alleged performance issues (discussed *supra*).

5

29. Therefore, Plaintiff believes and avers that he was terminated from his position with Defendant for alleged performance issues, even though other individuals, who did not have a known medical history and/or who had not taken a medical leave of absence or complained of discrimination previously had performed lower than Plaintiff and were not issued PIP's or terminated for their performance.

## First Cause of Action
## Violations of 42 U.S.C. § 1981
### ([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was subjected to a hostile work environment based on his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment (including discriminatory PIPs), and demeaning and/or discriminatory treatment towards him.

32. Despite Plaintiff's aforesaid complaints to Defendant's management about the discriminatory treatment he was being subjected to because of race, Defendant's management never properly investigated or resolved his concerns.

33. Plaintiff was instead terminated for alleged performance issues; however, there were other non-black individuals, who had not complained of racial discrimination, and who were not terminated despite their poor performance and the fact that at least one Caucasian individual's ranking was lower than Plaintiff's.

34. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued discriminatory PIPs in March of 2014 and February of 2016, and eventually terminate from his employment with Defendant because of his race and/or complaints of discrimination.

35. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under 42 U.S.C. §1981.

## Second Cause of Action
## Violations of Title VII
### ([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was subjected to a hostile work environment based on his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment (including a discriminatory PIP in February of 2016), and demeaning and/or discriminatory treatment towards him.

38. Despite Plaintiff's aforesaid complaints to Defendant's management about the discriminatory treatment he was being subjected to because of race, Defendant's management never properly investigated or resolved his concerns.

39. Plaintiff was instead terminated for alleged performance issues; however, there were other non-black individuals, who had not complained of racial discrimination, and who were not terminated despite their poor performance and the fact that at least one Caucasian individual's ranking was lower than Plaintiff's.

40. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued a discriminatory PIP in February of 2016, and eventually terminate from his employment with Defendant because of his race and/or complaints of discrimination.

41. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

## Third Cause of Action
## Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Race Discrimination; [2] Retaliation; [3] Hostile Work Environment)

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff was subjected to a hostile work environment based on his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment (including a discriminatory PIP in February of 2016), and demeaning and/or discriminatory treatment towards him.

44. Despite Plaintiff's aforesaid complaints to Defendant's management about the discriminatory treatment he was being subjected to because of race, Defendant's management never properly investigated or resolved his concerns.

45. Plaintiff was instead terminated for alleged performance issues; however, there were other non-black individuals, who had not complained of racial discrimination, and who were not terminated despite their poor performance and the fact that at least one Caucasian individual's ranking was lower than Plaintiff's.

46. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued a discriminatory PIP in February of 2016, and eventually terminate from his employment with Defendant because of his race and/or complaints of discrimination.

47. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the NJ LAD.

## Fourth Cause of Action
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination)

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff was subjected to a hostile work environment based on his age through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

50. Plaintiff was issued a discriminatory PIP in February of 2016 and eventually terminated for performance issues; however, there were other younger employees, who were not terminated or issued PIP's despite their poor performance and the fact that at least one individual's ranking was lower than Plaintiff's.

51. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued a discriminatory PIP in February of 2016, and eventually terminate from his employment with Defendant because of his advanced age.

52. These actions as aforesaid constitute unlawful discrimination and a hostile work environment under the ADEA.

## Fifth Cause of Action
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
(Age Discrimination)

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff was subjected to a hostile work environment based on his age through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

9

55. Plaintiff was issued a discriminatory PIP in February of 2016 and eventually terminated for performance issues; however, there were other younger employees, who were not terminated or issued PIP's despite their poor performance and the fact that at least one individual's ranking was lower than Plaintiff's.

56. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued a discriminatory PIP in February of 2016, and eventually terminate from his employment with Defendant because of his advanced age.

57. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the NJ LAD.

### Sixth Cause of Action
### Violations of the Americans with Disabilities Act, as amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff believes and therefore avers that he was subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him because of his medical history, in retaliation for requesting accommodations, and/or because of his prior complaints of disability discrimination.

60. Plaintiff further believes and therefore avers that he was issued a discriminatory PIP in February of 2016 and eventually terminated from his employment with Defendant because of his medical history/disabilities, in retaliation for requesting accommodations, and/or because of his prior complaints of disability discrimination.

61. These actions as aforesaid constitute unlawful retaliation under the ADA.

## Seventh Cause of Action
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Plaintiff believes and therefore avers that he was subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him because of his actual/perceived medical history/disabilities, in retaliation for requesting accommodations, and/or because of his prior complaints of disability discrimination.

64. Plaintiff further believes and therefore avers that he was issued a discriminatory PIP in February of 2016 and eventually terminated from his employment with Defendant because of his actual/perceived medical history, in retaliation for requesting accommodations, and/or because of his prior complaints of disability discrimination.

65. These actions as aforesaid constitute unlawful retaliation under the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Privileged Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 1, 2017